# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**In Re: MELISSA F. JOHNSON**  Case No. 06-43398-abf7
Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box]*

☒ Part A: Disclosure Statement (Pages 1-3)   ☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement (Page 6)

☒ Part B: Reaffirmation Agreement (Page 4)   ☐ Part E: Motion for Court Approval (Page 7)

☒ Part C: Certification by Debtor's Attorney (Page 5)   ☐ Proposed Order Approving Reaffirmation Agreement (Page 8)

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR(S)

1. **DISCLOSURE STATEMENT**

DATE OF DISCLOSURE STATEMENT: **December 22, 2006**

**BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:**

**SUMMARY OF REAFFIRMATION AGREEMENT.** This Summary is made pursuant to the requirements of the Bankruptcy Code.

| AMOUNT REAFFIRMED: | ANNUAL PERCENTAGE RATE: |
|---|---|
| **$8,155.56** | **6.99%** |
| This is the amount of debt you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts, which may come due after the date of this disclosure statement. Consult your credit agreement.<br><br>The "AMOUNT REAFFIRMED" disclosed above includes the following fees and costs:<br><br>Attorney Fees: $N/A<br>Costs:         $N/A | |

**Notice of Security Interest:** A security interest or lien in goods or property is asserted over the debt that you are reaffirming. **Ford Motor Credit Company** ("Creditor") has a security interest in the motor vehicle described below:

Motor Vehicle (Make/Model/Year) **2003 Ford Focus**     Original Purchase Price **$16,826.56**

Page 1

Account No.: 3SD60975

## REPAYMENT SCHEDULE

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 26 | $321.75 | **Monthly starting January 25, 2007** |
| | | |
| | | |

**Simple Interest Contract Disclosure**: Your credit agreement is a simple interest contract. Please review your credit agreement for an explanation on how early or late payments effect the amount of interest due on your credit agreement.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR(S)

**NOTE:** When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission. The word 'may' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a security agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Account No.: BS060975

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THIS DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

Page 3

Account No.: 35060975

## PART B: REAFFIRMATION AGREEMENT

I/we (hereinafter "I" shall refer to debtor and co-debtor) agree to reaffirm the debts arising under the credit agreement described below.

---

**BRIEF DESCRIPTION OF CREDIT AGREEMENT:**

Retail Installment Contract Date: **August 11, 2003**   Account No.: **35060975**

Motor Vehicle Make/Model/Year: **2003 Ford Focus**

---

I agree to be bound by all the terms and conditions of the credit agreement, which is hereby incorporated by reference. I agree to the "ANNUAL PERCENTAGE RATE" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to pay the "AMOUNT REAFFIRMED" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to make monthly payments described in the REPAYMENT SCHEDULE disclosed in the PART A: DISCLOSURE STATEMENT each month until the debt has been satisfied. If the Creditor has agreed to any changes to the credit agreement as part of this Reaffirmation Agreement, such changes are listed below:

**Description of any changes to the credit agreement made as part of this reaffirmation agreement:**
___N/A_____

**DEBTOR AGREES TO MAIL TO CREDITOR ANY NOTICE OF RESCISSION TO THE CREDITOR AT THE FOLLOWING ADDRESS:**
Thomas J. Noonan, P.C.
Attn: Bankruptcy Department
701 Market Street, Suite 1400
St. Louis, Missouri 63101

SIGNATURE(S):

Borrower (Debtor):                                          Co-borrower (Co-Debtor), if also reaffirming these debts:

**MELISSA F. JOHNSON**                                     **N/A**
(Print Name)                                               (Print name)

*Melissa F Johnson*
(Signature)                                                (Signature)
Date: 1-10-2007                                            Date:_____

Page 4

Account No.: 35060975

Accepted by Creditor:

**MELINDA J. MAUNE, #49797**
Thomas J. Noonan, PC
Attorney for Creditor
701 Market Street, Suite 1400
St. Louis, Missouri 63101
314-241-4747
314-241-2039 fax
tjnbk@thomasnoonan.com

(Print name)

_____
(Signature)

Date of Creditor Acceptance: 1/17/07

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY

I hereby certify that:

1) this agreement represents a fully informed and voluntary agreement by the debtor,
2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and
3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

*[Check the following box if the presumption of undue hardship exists for this agreement]*

☐   A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payments under the Reaffirmation Agreement.

Signature of Debtor's Attorney: _____ Date: 1-10-07

(TYPED OR PRINTED NAME)   **JUDITH L. BERRY, Esq. (P        )**

Page 5

Account No.: 3S060975

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1.  I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ __1,707.32__, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ __*1,382.18__, leaving $ __325.14__ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make payments here:

_____
_____
_____
_____
_____

I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Debtor's Signature: _Melissa F. Johnson_    Date: __1·10·2007__

Co-Debtor's Signature: _____    Date: _____

**SEE ATTACHED SCHEDULES I AND J**

Page 6

Account No.: 350060975

In re _Melissa F. Johnson_   Case No. _____
       **Debtor(s)**                (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: _Divorced_ | DEPENDENTS OF DEBTOR AND SPOUSE ||
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | senior clerk | |
| Name of Employer | UMKC | |
| How Long Employed | 10 mo | |
| Address of Employer | 5100 Rockhill Rd Kansas City MO 64112 | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 1,596.40 | $ 0.00 |
| 2. Estimate Monthly Overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 1,596.40 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll Taxes and Social Security | $ 257.64 | $ 0.00 |
|   b. Insurance | $ 143.69 | $ 0.00 |
|   c. Union Dues | $ 0.00 | $ 0.00 |
|   d. Other (Specify): parking | $ 39.00 | $ 0.00 |
|     recreation fee | $ 10.83 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 451.16 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,145.24 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from Real Property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. Social Security or government assistance Specify: | | |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income Specify: Melissa's pt job-net Walmart | $ 562.08 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 562.08 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,707.32 | $ 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 1,707.32 ||

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

3SO60975

Page No. _1_ of _1_

In re Melissa F. Johnson _____ ,  Case No. _____ (if known)
Debtor(s)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (Include lot rented for mobile home) | $ 550.00 |
| a. Are real estate taxes included?  Yes ☐  No ☒ | |
| b. Is property insurance included?  Yes ☐  No ☒ | |
| 2. Utilities: a. Electricity and heating fuel | $ 115.00 |
| b. Water and sewer | $ 0.00 |
| c. Telephone | $ 63.00 |
| d. Other  Cell phone | $ 17.00 |
| Other | $ 0.00 |
| Other | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ 0.00 |
| 4. Food | $ 200.00 |
| 5. Clothing | $ 25.00 |
| 6. Laundry and dry cleaning | $ 10.00 |
| 7. Medical and dental expenses | $ 92.00 |
| 8. Transportation (not including car payments) | $ 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 0.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ 0.00 |
| b. Life | $ 17.00 |
| c. Health | $ 0.00 |
| d. Auto | $ 128.17 |
| e. Other | $ 0.00 |
| Other | $ 0.00 |
| Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | |
| (Specify) per. prop tax | $ 15.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ 321.75 |
| b. Other: | $ 0.00 |
| c. Other: | $ 0.00 |
| d. Other: | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other: | $ 0.00 |
| Other: | $ 0.00 |
| Other: | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 1,703.92 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 16 of Schedule I | $ 1,707.32 |
| b. Average monthly expenses from Line 18 above | $ 1,703.92 |
| c. Monthly net income (a. minus b.) | $ 3.39 |

35060975